**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-1365**

JHONNY JOSEPH,

              Petitioner,

      v.

ERIC H. HOLDER, JR., Attorney General,

              Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  January 29, 2009        Decided:  March 3, 2009

Before NIEMEYER, MICHAEL, and TRAXLER, Circuit Judges.

Petition denied by unpublished per curiam opinion.

James A. Roberts, Fairfax, Virginia, for Petitioner.  Gregory G. Katsas, Assistant Attorney General, M. Jocelyn Lopez Wright, Senior Litigation Counsel, Brianne Whelan Cohen, Trial Attorney, OFFICE OF IMMIGRATION LITIGATION, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jhonny Joseph, a native and citizen of Haiti, petitions for review of the Board of Immigration Appeals' ("Board") order affirming the immigration judge's order denying his application for asylum and withholding of removal.[*] Joseph challenges the immigration judge's adverse credibility finding, as affirmed by the Board. For the reasons set forth below, we deny the petition for review.

We will uphold an adverse credibility determination if it is supported by substantial evidence, see Tewabe v. Gonzales, 446 F.3d 533, 538 (4th Cir. 2006), and reverse the Board's decision only if the evidence "was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution." Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (internal quotations and citations omitted).

Having reviewed the administrative record and the Board's decision, we find that substantial evidence supports the immigration judge's adverse credibility finding, as affirmed by the Board, and the ruling that Joseph failed to establish past persecution or a well-founded fear of future persecution as

---

[*] Because Joseph did not challenge the denial of withholding of removal in his brief, that claim is not preserved for review. See 4th Cir. R. 34(b); Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999).

necessary to establish eligibility for asylum.  See 8 U.S.C. § 1158(b)(1)(B)(I), (ii) (2006) (providing that the burden of proof is on the alien to establish eligibility for asylum); 8 C.F.R. § 1208.13(a) (2006) (same).  Because the record does not compel a different result, we will not disturb the Board's denial of Joseph's application for asylum.

Accordingly, we deny the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED